IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LLEWILLYN JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID A REDNOUR, LT MICHAEL MIFFLIN, JASON P. VASQUEZ, MICHAEL CRUMBUCHER, OFFICER MURRAY and OFFICER PHELPS<br><br>        Defendants. | Case No. 3:12-cv-00282-JPG |

**MEMORANDUM AND ORDER**

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**.  Plaintiff claims that Defendants deprived him of his constitutional right to Due Process under the Fourteenth Amendment of the U.S. Constitution when he was placed in segregation after an investigation and an adjustment committee hearing concerning a contraband infraction.  Plaintiff alleges that the investigation concerning the contraband infraction was negligent and that he suffered mental anguish from being placed in segregation.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Plaintiff claims his has a Due Process right to remain in the general prison population.  However, a

1

prisoner has no protected liberty interest in being in the general population of a prison or at a particular prison, or in being assigned a particular classification status. *See Hewitt v. Helms*, 459 U.S. 460, 466–67, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Plaintiff further claims that he was placed in segregation due to a faulty investigation. In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges and the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). Additionally, the decision of the disciplinary board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan*, 747 F.2d at 1140, but the procedural protections outlined in *Wolff* provide the appropriate protection against arbitrary actions taken by a correctional officer, such as issuing the inmate a fabricated conduct violation.

Here, Plaintiff has not claimed that any of the *Wolff* requirements were violated so this case will be **DISMISSED** without prejudice.

**Disposition**

      **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file an amended complaint.

      If Plaintiff does not file an amended complaint on or before September 22, 2012, or the amended complaint fails to state a viable claim, final judgment dismissing this action will enter. Plaintiff is **ADVISED** that dismissal of this action for failure to state a claim shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Furthermore, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.).

      **IT IS SO ORDERED.**

      **DATED: August 23, 2012**

      s/ J. Phil Gilbert
      **J. PHIL GILBERT**
      **United States District Judge**