IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LLEWILLYN JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID A REDNOUR, LT MICHAEL MIFFLIN, JASON P. VASQUEZ, MICHAEL CRUMBUCHER, OFFICER MURRAY and OFFICER PHELPS,<br><br>　　　　　Defendants. | Case No. 3:12-cv-00282-JPG |

**MEMORANDUM AND ORDER**

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**. On August 23, 2012, the Court conducted a prompt threshold review of the Plaintiff's first amended complaint (Doc. 7) pursuant to its authority under 28 U.S.C. § 1915A. *See* Doc. 8. The Court found that Plaintiff failed to articulate a colorable federal cause of action, and the first amended complaint was **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. *See id.* However, Plaintiff was granted leave to file a second amended complaint. *See id.* Plaintiff filed his second amended complaint on September 7, 2012. *See* Doc. 10.

In his second amended complaint, Plaintiff repeats, almost verbatim, the allegations of the first amended complaint. In its August 23 order, the Court summarized those allegations as follows:

> Plaintiff claims that Defendants deprived him of his constitutional right to Due Process under the Fourteenth Amendment of the U.S. Constitution when he was placed in segregation after an investigation and an adjustment committee hearing concerning a contraband infraction. Plaintiff alleges that the investigation concerning the contraband infraction was negligent and that he suffered mental anguish from being placed in segregation.

1

Doc. 8.  Plaintiff also claims that the negligent conduct of the Defendants during the investigation and hearing process violated his Eighth Amendment right to be free from cruel and unusual punishment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the second amended complaint.  Accepting Plaintiff's allegations as true, the Court again finds that Plaintiff has failed to articulate a colorable federal cause of action.

With respect to the due process allegations, Plaintiff has merely restated the same allegations in his second amended complaint.  On August 23, the Court ruled that those allegations failed to state a claim upon which relief can be granted. *See* Doc. 8.  The Court finds no compelling reason to revisit the merits of its prior decision.

Additionally, Plaintiff's Eighth Amendment allegations fail to state a claim upon which relief can be granted.  The overriding theme of Plaintiff's allegations is that he suffered harm due to the negligent actions of Defendants regarding the investigation and hearing process.  Plaintiff believes that this negligent conduct amounts to deliberate indifference in violation of the Eighth Amendment.  However, negligence by prison officials generally is not actionable in the sphere of constitutional torts. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002) ("Evidence that the official acted negligently is insufficient to prove deliberate indifference." (citation omitted)).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's second amended complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g).**

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* **28 U.S.C. § 1915(b)(1);** *Lucien v. Jockisch*, **133 F.3d 464, 467 (7th Cir. 1998).**

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: September 26, 2012**

    *J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**